IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICK LAMONT SIMS,

    Petitioner

vs.                                  CIVIL ACTION No. 04-381E
                                    JUDGE SEAN McLAUGHLIN
JAMES F. SHERMAN,          MAGISTRATE JUDGE BAXTER

    Respondent.
_____/

## MOTION FOR RELIEF FROM JUDGMENT

**NOW COMES,** Petitioner Patrick Lamon Sims, in propria persona, and moves this Honorable Court, pursuant to Rule 60(b)(6), for relief from judgment. In support, the following is submitted:

### I. PROCEDURAL HISTORY

On December 30, 2004, Petitioner filed his habeas petition, pursuant to 28 U.S.C. § 2241, in this Court. The Court referred the matter to United States Magistrate Judge Susan Paradise Baxter for report and recommendation. The Report and Recommendation ("RR") was filed on February 23, 2006 and recommended that the habeas petition be dismissed for lack of jurisdiction. The parties were allowed ten (10) days from the date of service to file objections. Petitioner was served a copy of the RR by certified mail. See **Dkt. Nos. 8, 12-1.**

Petitioner was granted two extentions within which to file his objections, the latest of which was April 6, 2006. **Dkt. No. 11.** On April 5, 2006, Petitioner completed his objections to RR and pursuant to prison legal mail policy, had to wait until the next day to convey his pleadings to prison staff inside the prison chow hall during the lunch meal. See **Ex. A.**

On April 11, 2006, Petitioner received a copy of the Court's

Memorandum Order ("MO"). **Dkt. No. 12.** Of particularly import, the MO incorrectly states that "[n]o Objections have been filed [by Petitioner]." Id. This finding resulted in the Court conducting the required de novo review, but did not consider the objections which were timely filed by Petitioner. **See Ex. B.**

## II. GROUND FOR RELIEF FROM JUDGMENT

Rule 60(b) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for ... any ... reason justifying relief from the operation of the judgment. Id. See also Gonzalez v. Crosby, 545 U.S. ___; 162 L.Ed.2d 480 (2005).

In order to acquire relief under Rule 60(b), a movant must show "extraordinary circumstances" justifying the reopening of a final judgment. Gonzalez, supra. 162 L.Ed.2d @ 494. Clear error constitutes extraordinary circumstances. Id. @ 494-95. Where there is a definite misstake of material fact that could effect the outcome of the proceedings clear error is apparent. Anderson v. Bessemer City, 470 U.S. 564, 572 (1985).

Here, because the Court held that Petitioner did not file objections to the RR, the de novo review did not consider the findings made in the RR in the light of the objections. Petitioner's objections clearly indicate why the savings clause under 28 U.S.C. § 2255 is applicable to his habeas claim. It further indicates why the rule of law promulgated in In Re Dorsainvil, 119 F.3d 245, 251 (CA 3, 1997), is also applicable in this case.

Under the mailbox rule announced by the United States Supreme Court in Houston v. Lack, 487 U.S. 266; 108 S.Ct. 2379; 101 L.Ed.2d 245 (1988). Under the mailbox rule a prisoner litigation is deemed

filed on the date its given to prison authorities. **Longenette v. Krusing, 322 F.3d 758, 761-62 (CA 3, 2003).** Petitioner's objections to the RR were conveyed to prison authorities on April 6, 2006, in accordance with prison legal mail policy. Therefore, contrary to the findings by the Court, Petitioner did file objections to the RR, but apparently the Court did not receive them before deliberating and determining its order in this matter.

C O N C L U S I O N

**WHEREFORE,** for the reasons above Petitioner respectfully request this Honorable Court grant relief from judgment, vacate the order entered on April 10, 2006 dismissing the petition for lack of jurisdiction, and reconsider the matter in light of the objections presented by Petitioner.

Date: 4-11-06

*Patrick Sims*
Patrick Lamont Sims #13953-039
FCI McKean/Petitioner/Pro-per
P.O. Box 8000
Bradford, PA 16701

### CERTIFICATE OF SERVICE

The undersigned certifies that on the date below a true and correct copy of the foregoing was conveyed to prison authorities for mailing with first class U.S. postage prepaid and proper addressed to the following parties:

> Christy C. Wiegand
> Assistant U.S. Attorney
> U.S. Courthouse & Post Office
> 700 Grant Street, Suite 400
> Pittsburgh, PA 15219

Date: 4-11-06

*Patrick Sims*
Patrick Lamont Sims #13953-039
FCI McKean/Petitioner/Pro-per
P.O. Box 8000
Bradford, PA 16701

--3--

April 11, 2006

Patrick Lamont Sims
Reg. No. 13953-039
FCI McKean
P.O. Box 8000
Bradford, PA 16701

United States District Court
Western District of Pennsylvania
U.S. Courthouse
17 South Park Row
Erie, PA 16501

Re:   **Sims v. Sherman:**
      **Civil Action No. 04-381E**
      **JUDGE SEAN McLAUGHLIN**
      **MAGISTRATE JUDGE BAXTER**


Dear Clerk:

   Please find enclosed for filing the original and one copy of Petitioner's "Motion For Relief From Judgment" with Certificate of Service and attachments.

   Your assistance is greatly appreciated.


Sincerely,

*/s/ Patrick Sims*

cc: file
  : jc
  : enclosure
  : AUSA Christy Wiegand