**A P P E N D I X**

**EXHIBIT A**

IN THE UNITES STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICK LAMONT SIMS,

        Petitioner,

vs.

JAMES F. SHERMAN,

        Respondent.

_____/

Civil Action No. 04-381E
JUDGE SEAN McLAUGHLIN
MAGISTRATE JUDGE BAXTER

## PETITIONER'S OBJECTION MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**NOW COMES,** Petitioner Patrick Lamont Sims, in propria persona, and pursuant to 28 U.S.C. § 636(b)(1)(B), and files his objections to the magistrate judge's report and recommendation ("RR").

## I. INTRODUCTION

The Honorable Susan Paradise Baxter, Chief United States Magistrate Judge, correctly notes the historical background of the instant case.  However, her analysis of how the "inadequate or ineffective" savings clause provisions of § 2255 applies to the facts of this case, is clearly erroneous.

## II. OBJECTIONS

**A. Savings Clause Of § 2255:**

The RR correctly notes the Third Circuit's holding in **In Re Dorsainvil**, 119 F.3d 245, 251 (CA 3, 1997), recognizes that a § 2241 petition (original habeas petition) may, in limited situations, provide an avenue of relief to federal prisoners. **See** RR @ p. 3.  The RR emphasizes that this exception is warranted only where "unusual circumstances" exist.  **Id**. @ p. 4.  As correctly noted in the RR, the Circuit further explained the relationship between its reasoning in **Dorsainvil** and the savings clause.  **Id**.

Simply put, the Third Circuit indicates that "A § 2255 motion
is inadequate or ineffective only where the petitioner demonstrates
that some limitation of scope or procedure would prevent a §
2255 proceeding from affording him a full hearing and adjudication
of his wrongful detention claim.  It is the inefficacy of the
remedy, not the personal inability to use it, that is determinative."
**RR @ 4-5 (quoting <u>Cradle v. United States</u>, 290 F.3d 536, 538
(CA 3, 2002).**

By application, the **<u>Dorsainvil</u>** court held that the petitioner
was in the "unusual position" of a prisoner with no prior opportunity
to challenge his conviction for a crime that an intervening change
in substantive law could negate with retroactive application.
**<u>Dorsainvil</u>, <u>supra.</u> @ 251.**  In short, **<u>Dorsainvil</u>** may have been
convicted of conduct the Supreme Court in **<u>Bailey v. United States</u>,
516 U.S. 137; 116 S.Ct. 501; 133 L.Ed.2d 472 (1995),** deemed not
to be criminal.

**<u>(i) Intervening Change In Law:</u>**

The RR does not hold that the Supreme Court decision in
**<u>Castillo v. United States</u>, 530 U.S. 120 (200),** did not apply
to Petitioner's case.  In **<u>Castillo</u>,** the Supreme Court decided
an issue of statutory interpretation.  It considered the question
of whether the language of 18 U.S.C. § 924(c)(1)(1988 ed. Supp
V), that prohibits the use or carrying of a "firearm" in relation
to a crime of violence, and increases the penalty dramatically
when the weapon used or carried is, for example, a "machinegun",
constitutes -- sentencing factors, or state an element of a separate
offense.  **<u>Castillo</u>, 530 U.S. @ 123.**

**(ii) Relevant Facts:**

On June 14, 1990, Petitioner was originally named in a nine count indictment along with four other codefendants. **See U.S. v. Sims**, 975 F.2d 1225, 1231 (CA 6, 1992). Counts three (3) through five (5) charged Use and Carrying of a Firearm During and in Relation to a Drug Trafficking Offense.[1] At the close of the evidence, and prior to jury charge, the district court consolidated Counts 3-5 into a new Count 3. **Sims, @ 1231.** Petitioner and his codefendants were convicted on all counts. **Id**.

A post-trial presentencing hearing was held during which the district court ruled, _inter alia_, that "where a defendant is charged with separate offenses under 18 U.S.C. § 924(c)(1), because of the use of different firearms, and only one predicate drug offense is charged, a conviction on both firearm counts cannot stand; one must be vacated." **Id**. (quoting **United States v. Sims**, 767 F.Supp. 840, 842 (E.D. Mich. 1991)).

Correspondingly, the district court applied the standard promulgated by the Sixth Circuit in **United States v. Henry**, 878 F.2d 937 (CA 6, 1989), and held that the handguns, and shotguns located in vehicles more closely related to the drug transaction, than the machine guns in a different vehicle would be considered for sentencing purposes. **Sims**, 975 F.2d @ 1232. The district court imposed a sentence of 60 months to be served consecutive to the 188 months sentence imposed on counts 1, 4, and 5. **Id**.

As noted to some extent in the RR, Petitioner and his codefendants

---

1/    The original indictment was superceded twice, but after trial on October 25, 1990, the final indictment, which was a redacted version of the original, was filed. **Sims**, 975 F.2d @ 1231, n. 5.

appealed and the government crossed appealed.  RR @ 1; **Sims**, **supra**.  The Sixth Circuit distinguished the standard promulgated in **Henry** for the instant case.  The Court held that "where an indictment contains only one substantive drug trafficking offense and separate counts under § 924(c) for weapons which fall into more than one category as defined by that section, the court must consolidate these section 924(c) counts, either pre or post-trial so that no defendant will be convicted on more than one gun count relative to the one drug trafficking offense."  **Sims** @ 1235. This aspect of the holding is consistent with the prohibition against double jeopardy.  **Id**. @ 1235, n. 9.  However, it is the method used to implement this provision that runs afoul of the intervening change of law announced in **Castillo**.

Specifically, the Sixth Circuit held that separate counts could either be consolidated "into a single section 924(c) count and submitted to the jury using special interrogatories or a special verdict form to the jury, requiring that if the jury returns a guilty verdict on the gun charge, it must specify which category or categories of weapons it unanimously has found the defendant was using or carrying", or "the separate gun counts [may be submitted] to the jury and, should there be more than one conviction, merging those convictions after trial."  **Id**. **(emphasis added)**.  It is the latter method that was used in Petitioner's case and which runs afoul of the concerns set forth in **Castillo**.

The Court held that "[r]egardless of when consolidation or merger takes place, the sentence imposed by the district court for the violation of the section 924(c) should reflect the highest of the sentences which congress has provided."  **Id**.  975 F.2d

@ 1236.  Petitioner contends that where, as here, the merger

occurs after trial, any sentence imposed by the Court improperly

treats the type of weapon involved as a sentencing factor, where

as a matter of law, it is actually an element of a separate criminal

offense.  See Castillo, supra.  Its decision was based solely

on congressional intent.  See Jackson v. U.S., 129 F.Supp.2d

1053 (E.D. Mich. 2000).  Accordingly, the sentence imposed is

inconsistent with legislative intent, hence is illegal.  Castillo,

supra.

(iii) Clear Error:

        This intervening change of law clearly demonstrates that

the circumstances of Petitioner's case are consistent with those

recognized as forming the basis for relief under § 2241 in Dorsainvil.

In Dorsainvil, the petitioner was in the "unusual postion" of

a prisoner with no prior opportunity to challenge his conviction

for a crime that an intervening change in substantive law could

negate with retroactive application.  119 F.3d @ 251.  Here,

Petitioner is also lacks opportunity to challenge his improper

30 year sentence that an intervening change in substantive law

negates.  In fact, Petitioner's predicament is more grave than in

Dorsainvil.  Unlike the petitioner in Dorsainvil, here, Petitioner

received a 30 year sentence for a criminal offense for which

he was never tried and convicted.

        Dorsainvil relied on the Supreme Court's intervening decision

in Bailey v. United States, 516 U.S. 137 (1995), which, as noted

in Dorsainvil, rendered the petitioner's conviction invalid.

Here, Petitioner submits, and the RR does not contend, that his

sentence is invalid under the Castillo decision.

Moreover, as in **Dorsainvil**, the **Castillo** decision was decided after Petitioner's direct appeal and first motion to vacate, set aside, or correct sentence was decided, pursuant to 28 U.S.C. § 2255. As noted in the RR, Petitioner's sentence was affirmed on appeal in 1994. **RR @ 1; United States v. Sims, 41 F.3d 1508 (CA 6, 1994), cert den. 514 U.S. 1042 (1995).** His subsequent petition  pursuant to § 2255 was denied in June 1999. **RR @ 1.** His request for leave to file a second or successive habeas petition was denied by the Sixth Circuit in 2001. These procedural facts and that fact that his 30 year sentence is based on an unlawful application of the enhance provision of § 924(c)(1), demonstrate that a § 2255 motion is inadequate and that the saving clause provision under § 2241 applies.

**(iv. Inadequate Remedy:**

As noted above, Petitioner could not use his first motion under § 2255 to obtain relief on the basis of **Castillo**, as it was not decided, hence the law was not established. Nor could he use a second or other successive motion to obtain relief because the basis on which he seeks relief is neither newly discovered evidence nor a new rule of constitutional law. Therefore, it is a claim that Petitioner could at no time present in a motion under section 2255, nor earlier in his direct appeal.

As noted by the Seventh Circuit in **U.S. v. Prevatte, 300 F.3d 792, 801 −802 (CA 6, 2002),** "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." **Id. @ 800 (quoting In Re Davenport,**

--6--

147 F.3d 605, 610 (CA 7, 1998).

Accordingly, the RR misstates the factual and legal implications in Petitioner's case.  Petitioner's argument is not merely that "any new § 2255 petition would be untimely."  RR @ 3.  Nor is that "[c]laims arising under th[e] [Castillo] ... decision ... [would] be barred should he attempt to file a second or subsequent § 2255 petition."  Id @ 3-4.  Rather, as stated above, Petitioner simply had no other reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his sentence under the enhancement provisions of 18 U.S.C. § 924(c)(1) (1988 ed., Supp. V), because the Castillo decision occurred after his direct appeal and first § 2255 motion adjudged.

Given these facts and circumstances, Petitioner respectfully submits that the saving clause provision of § 2255 is applicable and his instant petition is properly before this Court.

## C O N C L U S I O N

WHEREFORE, for the reasons heretofore, Petitioner respectfully request this Honorable reject the magistrate judge's report and recommendation and decide the instant petition on its merits.

Date: 4-5-06

*Patrick Sims*
Patrick Lamont Sims #13953-039
Petitioner/Pro-se
FCI McKean
P.O. Box 8000
Bradford, PA 16701

## CERTIFICATE OF SERVICE

The undersigned certifies that on the date below a true

and correct copy of the foregoing was conveyed to prison authorities

for mailing in accordance with prison policy with first class

U.S. postage prepaid and properly addressed to the following

parties:

Christy C. Wiegand                    Susan Paradise Baxter
Assistant U.S. Attorney               Chief U.S. Magistrate Judge
U.S. Courthouse & Post Office         United States District Court
700 Grant Street, Suite 400           Western District of Pennsylvania
Pittsburgh, PA 15219                  17 South Park Row, Rm. A280
                                      Erie, PA 16501


Date: 4-5-06                          _Patrick Sims_
                                      Patrick Lamont Sims #13953-039
                                      Petitioner/Pro-se
                                      FCI McKean
                                      P.O. Box 8000
                                      Bradford, PA 16701

**EXHIBIT B**

## Modified Outgoing Special Mail Procedures
## (FCI Inmates)

## Talking Points

★   Effective **Tuesday, February 21, 2006**, the outgoing
    special/legal mailbox located beside the dining hall will be
    eliminated and removed.  This mailbox will be emptied for
    the **final** time prior to the daily mail run on **Friday,
    February 17, 2006**.

★   Effective **Tuesday, February 21, 2006**, all inmates must hand
    their **own** outgoing special/legal mail directly to the hands
    of a unit staff member during the noon meal in the dining
    hall.  Legal mail may be sealed as in the past.

★   Staff will verify your identity and ensure a complete return
    address is provided in the upper left hand corner of the
    envelope.

★   Make sure you have your identification card on you so staff
    may ensure the special/legal mail belongs to you and not
    someone else.

★   Once this information has been verified, staff will place
    the mail into a new designated mail depository located
    inside the dining hall.  You will not have access to this
    mailbox.

★   The mail will be collected by Mailroom staff prior to
    departing for the daily mail run Monday through Friday.

★   As in the past, any mailing that weighs in excess of one
    pound will be treated as a "package" and will require the
    use of form BP-329, Request - Authorization to Mail a
    Package.  Contact a member of your unit team for this form.
    If you do not wish to use this form, the mailing will need
    to be broke down into two or more envelopes in order to be
    under the one pound limit.

★   You are encouraged to handle legal filings in a timely
    manner.  Do not wait until your court deadline to start this
    process.

★   Any questions contact Mrs. Lundgren, the Inmate Systems
    Manager, or Mr. Smith, the Assistant Inmate Systems Manager.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICK LAMONT SIMS,                )
                Petitioner,        )
        v.                         )          C.A. No. 04-381 Erie
                             )
JAMES F. SHERMAN,                    )
              Respondent.          )

## MEMORANDUM ORDER

_____This petition for writ of habeas corpus was received by the Clerk of Court on December 30, 2004, and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge's Report and Recommendation [Doc. No. 8], filed on February 23, 2006, recommended that the instant petition under 28 U.S.C. Section 2241 be dismissed for lack of jurisdiction. The parties were allowed ten (10) days from the date of service to file objections. Service was made on Petitioner by certified mail at FCI McKean, where he is incarcerated, and on Respondent. Petitioner was subsequently granted an extension until April 6, 2006, to file objections [Doc. No. 11]. No Objections have been filed. After de novo review of the petition and documents in the case, together with the report and recommendation, the following order is entered:

AND NOW, this 10th Day of April, 2006;

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED, for lack of jurisdiction

The report and recommendation of Magistrate Judge Baxter [Doc. No. 8], dated February 23, 2006, is adopted as the opinion of the court.

**Sean J. McLaughlin**
Digitally signed by Sean J. McLaughlin
DN: cn=Sean J. McLaughlin, c=US, o=United States District Court, ou=United States District Judge
Date: 2006.04.10 13:43:13 -04'00'

SEAN J. McLAUGHLIN
UNITED STATES DISTRICT JUDGE

cc:     Susan Paradise Baxter
       U.S. Magistrate Judge
       all parties of record.nk