IN THE UNITES STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICK LAMONT SIMS,

    Petitioner,

vs.

JAMES F. SHERMAN,

    Respondent.

Civil Action No. 04-381E
JUDGE SEAN McLAUGHLIN
MAGISTRATE JUDGE BAXTER

FILED
'06 APR 24 P12:46
CLERK
U.S. DISTRICT COURT

## PETITIONER'S OBJECTION MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

**NOW COMES,** Petitioner Patrick Lamont Sims, in propria persona, and pursuant to 28 U.S.C. § 636(b)(1)(B), and files his objections to the magistrate judge's report and recommendation ("RR").

### I. INTRODUCTION

The Honorable Susan Paradise Baxter, Chief United States Magistrate Judge, correctly notes the historical background of the instant case. However, her analysis of how the "inadequate or ineffective" savings clause provisions of § 2255 applies to the facts of this case, is clearly erroneous.

### II. OBJECTIONS

**A. Savings Clause Of § 2255:**

The RR correctly notes the Third Circuit's holding in **In Re Dorsainvil, 119 F.3d 245, 251 (CA 3, 1997),** recognizes that a § 2241 petition (original habeas petition) may, in limited situations, provide an avenue of relief to federal prisoners. **See** RR @ p. 3. The RR emphasizes that this exception is warranted only where "unusual circumstances" exist. **Id.** @ p. 4. As correctly noted in the RR, the Circuit further explained the relationship between its reasoning in **Dorsainvil** and the savings clause. **Id.**

Simply put, the Third Circuit indicates that "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." **RR @ 4-5 (quoting Cradle v. United States, 290 F.3d 536, 538 (CA 3, 2002).**

By application, the **Dorsainvil** court held that the petitioner was in the "unusual position" of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application. **Dorsainvil, supra. @ 251.** In short, **Dorsainvil** may have been convicted of conduct the Supreme Court in **Bailey v. United States, 516 U.S. 137; 116 S.Ct. 501; 133 L.Ed.2d 472 (1995),** deemed not to be criminal.

**(i) Intervening Change In Law:**

The RR does not hold that the Supreme Court decision in **Castillo v. United States, 530 U.S. 120 (200),** did not apply to Petitioner's case. In **Castillo**, the Supreme Court decided an issue of statutory interpretation. It considered the question of whether the language of 18 U.S.C. § 924(c)(1)(1988 ed. Supp V), that prohibits the use or carrying of a "firearm" in relation to a crime of violence, and increases the penalty dramatically when the weapon used or carried is, for example, a "machinegun", constitutes -- sentencing factors, or state an element of a separate offense. **Castillo, 530 U.S. @ 123.**

**(ii) Relevant Facts:**

On June 14, 1990, Petitioner was originally named in a nine count indictment along with four other codefendants. See **U.S. v. Sims, 975 F.2d 1225, 1231 (CA 6, 1992).** Counts three (3) through five (5) charged Use and Carrying of a Firearm During and in Relation to a Drug Trafficking Offense.[1] At the close of the evidence, and prior to jury charge, the district court consolidated Counts 3-5 into a new Count 3. **Sims, @ 1231.** Petitioner and his codefendants were convicted on all counts. **Id.**

A post-trial presentencing hearing was held during which the district court ruled, inter alia, that "where a defendant is charged with separate offenses under 18 U.S.C. § 924(c)(1), because of the use of different firearms, and only one predicate drug offense is charged, a conviction on both firearm counts cannot stand; one must be vacated." **Id.** (quoting **United States v. Sims, 767 F.Supp. 840, 842 (E.D. Mich. 1991)**).

Correspondingly, the district court applied the standard promulgated by the Sixth Circuit in **United States v. Henry, 878 F.2d 937 (CA 6, 1989),** and held that the handguns, and shotguns located in vehicles more closely related to the drug transaction, than the machine guns in a different vehicle would be considered for sentencing purposes. **Sims, 975 F.2d @ 1232.** The district court imposed a sentence of 60 months to be served consecutive to the 188 months sentence imposed on counts 1, 4, and 5. **Id.**

As noted to some extent in the RR, Petitioner and his codefendants

---

1/   The original indictment was superceded twice, but after trial on October 25, 1990, the final indictment, which was a redacted version of the original, was filed. **Sims, 975 F.2d @ 1231, n. 5.**

appealed and the government crossed appealed.  **RR @ 1;** **Sims, supra**.  The Sixth Circuit distinguished the standard promulgated in **Henry** for the instant case.  The Court held that "where an indictment contains only one substantive drug trafficking offense and separate counts under § 924(c) for weapons which fall into more than one category as defined by that section, the court must consolidate these section 924(c) counts, either pre or post-trial so that no defendant will be convicted on more than one gun count relative to the one drug trafficking offense."  **Sims @ 1235.**  This aspect of the holding is consistent with the prohibition against double jeopardy.  **Id. @ 1235, n. 9.**  However, it is the method used to implement this provision that runs afoul of the intervening change of law announced in **Castillo**.

Specifically, the Sixth Circuit held that separate counts could either be consolidated "into a single section 924(c) count and submitted to the jury using special interrogatories or a special verdict form to the jury, requiring that if the jury returns a guilty verdict on the gun charge, it must specify which category or categories of weapons it unanimously has found the defendant was using or carrying", or "the separate gun counts [may be submitted] to the jury and, should there be more than one conviction, <u>merging those convictions after trial</u>."  **Id. (emphasis added).**  It is the latter method that was used in Petitioner's case and which runs afoul of the concerns set forth in **Castillo**.

The Court held that "[r]egardless of when consoldation or merger takes place, the sentence imposed by the district court for the violation of the section 924(c) should reflect the highest of the sentences which congress has provided."  **Id.**  975 F.2d

--4--

@ 1236. Petitioner contends that where, as here, the merger occurs after trial, any sentence imposed by the Court improperly treats the type of weapon involved as a sentencing factor, where as a matter of law, it is actually an element of a separate criminal offense. **See Castillo, supra.** Its decision was based solely on congressional intent. **See Jackson v. U.S., 129 F.Supp.2d 1053 (E.D. Mich. 2000).** Accordingly, the sentence imposed is inconsistent with legislative intent, hence is illegal. **Castillo, supra.**

### (iii) Clear Error:

This intervening change of law clearly demonstrates that the circumstances of Petitioner's case are consistent with those recognized as forming the basis for relief under § 2241 in **Dorsainvil**. In **Dorsainvil**, the petitioner was in the "unusual postion" of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application. **119 F.3d @ 251.** Here, Petitioner is also lacks opportunity to challenge his improper 30 year sentence that an intervening change in substantive law negates. In fact, Petitioner's predicament is more grave than in **Dorsainvil**. Unlike the petitioner in **Dorsainvil**, here, Petitioner received a 30 year sentence for a criminal offense for which he was never tried and convicted.

**Dorsainvil** relied on the Supreme Court's intervening decision in **Bailey v. United States, 516 U.S. 137 (1995),** which, as noted in **Dorsainvil**, rendered the petitioner's conviction invalid. Here, Petitioner submits, and the RR does not contend, that his sentence is invalid under the **Castillo** decision.

Moreover, as in **Dorsainvil**, the **Castillo** decision was decided after Petitioner's direct appeal and first motion to vacate, set aside, or correct sentence was decided, pursuant to 28 U.S.C. § 2255. As noted in the RR, Petitioner's sentence was affirmed on appeal in 1994. **RR @ 1; United States v. Sims, 41 F.3d 1508 (CA 6, 1994), cert den. 514 U.S. 1042 (1995).** His subsequent petition pursuant to § 2255 was denied in June 1999. **RR @ 1.** His request for leave to file a second or successive habeas petition was denied by the Sixth Circuit in 2001. These procedural facts and that fact that his 30 year sentence is based on an unlawful application of the enhance provision of § 924(c)(1), demonstrate that a § 2255 motion is inadequate and that the saving clause provision under § 2241 applies.

(**iv. Inadequate Remedy:**

As noted above, Petitioner could not use his first motion under § 2255 to obtain relief on the basis of **Castillo**, as it was not decided, hence the law was not established. Nor could he use a second or other successive motion to obtain relief because the basis on which he seeks relief is neither newly discovered evidence nor a new rule of constitutional law. Therefore, it is a claim that Petitioner could at no time present in a motion under section 2255, nor earlier in his direct appeal.

As noted by the Seventh Circuit in **U.S. v. Prevatte, 300 F.3d 792, 801-802 (CA 6, 2002),** "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." **Id. @ 800 (quoting In Re Davenport,**

--6--

147 F.3d 605, 610 (CA 7, 1998).

Accordingly, the RR misstates the factual and legal implications in Petitioner's case. Petitioner's argument is not merely that "any new § 2255 petition would be untimely." **RR @ 3.** Nor is that "[c]laims arising under th[e] [Castillo] ... decision ... [would] be barred should he attempt to file a second or subsequent § 2255 petition." <u>Id</u> @ 3-4. Rather, as stated above, Petitioner simply had no other reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his sentence under the enhancement provisions of 18 U.S.C. § 924(c)(1) (1988 ed., Supp. V), because the <u>Castillo</u> decision occurred after his direct appeal and first § 2255 motion adjudged.

Given these facts and circumstances, Petitioner respectfully submits that the saving clause provision of § 2255 is applicable and his instant petition is properly before this Court.

## CONCLUSION

**WHEREFORE,** for the reasons heretofore, Petitioner respectfully request this Honorable reject the magistrate judge's report and recommendation and decide the instant petition on its merits.

Date: 4-5-06

*Patrick Sims*
Patrick Lamont Sims #13953-039
Petitioner/Pro-se
FCI McKean
P.O. Box 8000
Bradford, PA 16701

## CERTIFICATE OF SERVICE

The undersigned certifies that on the date below a true and correct copy of the foregoing was conveyed to prison authorities for mailing in accordance with prison policy with first class U.S. postage prepaid and properly addressed to the following parties:

| | |
|---|---|
| Christy C. Wiegand<br>Assistant U.S. Attorney<br>U.S. Courthouse & Post Office<br>700 Grant Street, Suite 400<br>Pittsburgh, PA 15219 | Susan Paradise Baxter<br>Chief U.S. Magistrate Judge<br>United States District Court<br>Western District of Pennsylvania<br>17 South Park Row, Rm. A280<br>Erie, PA 16501 |

Date: 4-5-06

_Patrick Sims_
Patrick Lamont Sims #13953-039
Petitioner/Pro-se
FCI McKean
P.O. Box 8000
Bradford, PA 16701

April 5, 2006

Patrick Lamont Sims #13953-039
FCI McKean
P.O. Box 8000
Bradford, PA 16701

United States District Court
Western District of Pennsylvania
Office of the Clerk
17 South Park Row
Erie, PA 16701

Re:   **Sims v. Sherman:**
      **Civil Action No. 04-381E**
      **Judge Sean McLaughlin**
      **Magistrate Judge Baxter**


Dear Clerk:

   Please find enclosed for filing the original and three copies, one of which is for the Magistrate Judge, of the Petitioner's Objection to Magistrate Judge's Report and Recommendation. Also, a Certificate of Service is attached.

   Your assistance is greatly appreciated.


Sincerely,


_____
cc: file
   : jc
   : enclosure
   : AUSA Wiegand