BLD-3

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2440
_____

PATRICK LAMONT SIMS,
                    Appellant

v.

WARDEN JAMES F. SHERMAN
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(WD/PA Civil No. 04-cv-00381E)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 5, 2006

Before: RENDELL, AMBRO and ROTH, Circuit Judges

(Filed: November 28, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

Patrick Lamont Sims, a federal prisoner proceeding pro se, appeals from the

District Court's dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus and

denial of his motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Sims

has also filed a motion for summary reversal. Because the District Court's rulings were not in error and this appeal does not present a substantial question, we will instead summarily affirm. See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

I.

In 1990, Sims and four others were arrested after attempting to purchase 15 kilograms of cocaine from undercover police officers in Detroit, Michigan. A jury in the United States District Court for the Eastern District of Michigan later convicted Sims of, among other things, using and carrying machine guns during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). That court, after an appeal and remand, ultimately sentenced Sims to an aggregate term of 42 years and seven months imprisonment, and the United States Court of Appeals for the Sixth Circuit affirmed. See United States v. Sims, 41 F.3d 1508 (6th Cir. 1994).

In 1995, Sims filed a motion under 28 U.S.C. § 2255 in the Eastern District of Michigan, which denied it in 1999. Sims apparently did not seek to appeal. In 2001, he simultaneously filed a § 2241 habeas petition in the Eastern District of Michigan and sought leave from the Sixth Circuit to file a second § 2255 motion. In each of these filings, Sims appears to have argued that his conviction on the machine gun charge should be vacated in light of the United States Supreme Court's subsequent decision in Castillo v. United States, 530 U.S. 120 (2000). The Sixth Circuit denied Sims's application to file a second § 2255 motion on December 20, 2001. In 2002, while his § 2241 petition was

2

pending in the Eastern District of Michigan, Sims was transferred to a federal prison in Bradford, Pennsylvania. The Eastern District of Michigan dismissed Sims's § 2241 petition on October 31, 2003. Sims apparently did not appeal that ruling either.

Instead, on December 20, 2004, Sims filed another § 2241 petition in the United States District Court for the Western District of Pennsylvania. In that petition, which is the petition at issue here, Sims challenges his conviction under the Supreme Court's post-sentencing decisions in Castillo and Bailey v. United States, 516 U.S. 137 (1995). The Magistrate Judge recommended that Sims's petition be dismissed because his claims are properly raised only in a § 2255 motion filed with the sentencing court and do not fall within that section's "savings clause." The District Court, before receiving Sims's objections, issued a Memorandum Order dated April 10, 2006, adopting the Magistrate Judge's Report and Recommendation and dismissing Sims's petition for lack of jurisdiction. Sims then filed a Rule 60(b)(6) motion, attaching a copy of his objections and explaining that he had delivered them to prison staff for mailing on the day that they were due to be filed. By order dated April 17, 2006, the District Court denied Sims's motion. Sims appeals from both orders. We will affirm.[1]

---

[1] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions, see Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 239 n.3 (3d Cir. 2005), and review its denial of Sims's Rule 60 motion for abuse of discretion, see Pridgen v. Shannon, 380 F.3d 721, 725 (3d Cir. 2004). We may affirm the District Court's rulings if there is any basis to do so in the record. See Fairview Twp. v. EPA, 773 F.2d 517, 524 n.15 (3d Cir. 1985).

II.

A.   The Dismissal of Sims's § 2241 Motion

The validity of a federal conviction or sentence must be challenged by way of a § 2255 motion in the sentencing court unless it "appears that the remedy by motion is inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255. If so, a prisoner may challenge his or her conviction or sentence by filing a § 2241 habeas petition with the district court for the judicial district in which he or she is in custody. See Hill v. Morrison, 349 F.3d 1089, 1091 (5th Cir. 2003); Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002).[2]

Sims argues that § 2255 affords him an "inadequate or ineffective" remedy here and that he should have been permitted to raise his Bailey and Castillo challenges in a § 2241 petition under this Court's decision in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). We held in Dorsainvil that, where a § 2255 remedy is no longer available, a prisoner can proceed on a § 2241 petition where the petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Id. at 251. This holding is "a narrow one" and addresses an "unusual situation" with two components. Id. at 251-52. First, the petitioner there did not have an opportunity to raise his challenge in a previous § 2255 motion and could not do so in a subsequent § 2255

---

[2]   For this reason, to the extent that the Magistrate Judge's Report and Recommendation suggests that a prisoner can never challenge the validity of a conviction or sentence in any other than the sentencing court, that suggestion is erroneous.

motion because his challenge was not based on newly-discovered evidence or a new rule of constitutional law. See id. Second, it would have been a "miscarriage of justice" to prevent the petitioner from raising the challenge because it was based on a Supreme Court interpretation of substantive law that may have de-criminalized the conduct of which he had been convicted. See id.

Sims's Bailey challenge lacks the first of these components. Bailey was decided in 1995, and Sims thus could have raised it in his first § 2255 proceeding, which did not conclude until 1999.

Sims's Castillo challenge lacks the second of these components. In Castillo, the Supreme Court held merely that whether a weapon is a "machinegun" is an element of an offense that must be indicted and proven to a jury rather than a judge. See Castillo, 530 U.S. at 123-24, 131. The Court did not substantively interpret the "machinegun" element itself. See id.; see also United States v. Gonzalez, 327 F.3d 416, 421-22 (5th Cir. 2003) (explaining that "Castillo does not determine what conduct the law criminalizes"). Castillo thus does not potentially de-criminalize the conduct of which Sims was convicted. Accordingly, the potential miscarriage of justice that troubled us in Dorsainvil is not implicated here. See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (rejecting Dorsainvil argument premised on Supreme Court decision that did not de-criminalize the conduct in question).

  B. The Denial of Sims's Rule 60(b)(6) Motion

Sims also appeals the District Court's denial of his Rule 60 motion. The basis for that motion is that the District Court dismissed Sims's § 2241 petition before receiving his objections, which Sims had submitted to prison staff for mailing on the day that they were due to be filed and which thus should be deemed timely filed under the prison mailbox rule. On appeal, Sims argues that the District Court failed to consider his objections and that the brevity of the District Court's Memorandum Order "implies that the reasoning of the [Magistrate Judge] was merely adopted by the district court" in asserted violation of his right to review by an Article III judge.

We reject Sims's arguments for three reasons. First, Sims was not entitled to proceed on his § 2241 petition. Second, the District Court expressly stated in its Memorandum Order that it had reviewed the Magistrate Judge's Report and Recommendation <u>de</u> <u>novo</u>. Finally, Sims's objections were attached to his Rule 60 motion, so the District Court necessarily had to consider them in ruling on that motion.

Accordingly, we will summarily affirm the District Court's dismissal of Sims's § 2241 petition and denial of his Rule 60 motion. Sims's motion for summary action is denied.